**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., <br><br>                 Plaintiff, <br><br> vs. <br><br> Robert W. Ridenour and Jane Doe Ridenour; and Ridenour Edwards Management I, Ltd., <br><br>                 Defendants. | No. CV-10-1789-PHX-DGC <br><br> **ORDER AND DEFAULT JUDGMENT** |

Best Western International, Inc. is a non-profit corporation consisting of individually owned hotels that operate under the "Best Western" mark. The rights and duties of Best Western and its members are created and governed by a membership agreement, which incorporates by reference certain bylaws and rules and regulations. The membership agreement permits the Best Western Board of Directors to terminate a member hotel for failure to pay amounts due or meet certain quality and design standards.

In September 1994, Robert Ridenour and Ridenour Edwards Management I, Ltd. (collectively, "Ridenour") executed a membership agreement with Best Western. Pursuant to that agreement, Ridenour began operating a hotel in Oklahoma named the Best Western Inn of Miami. Best Western terminated the membership effective November 30, 2009.

Best Western filed a complaint against Ridenour on August 20, 2010, asserting various state and federal law claims arising from Ridenour's alleged unlawful use of Best

Western's marks and alleged failure to pay monies owed to Best Western. The complaint asserts ten claims: breach of contract, open account, stated account, breach of contract – post termination use of trademarks, federal trademark infringement, federal false designation of origin and unfair competition, federal trademark dilution, unfair competition under Arizona law, trademark dilution under Arizona law, and common law trademark infringement. Best Western seeks damages, injunctive relief, and attorneys' fees and costs. Doc. 1.

Best Western has filed a motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Doc. 15. Best Western seeks default judgment (1) on counts one, two, and three in the amount of $33,621.60, plus interest, (2) on count four in the amount of $293,638.08, and (3) on counts five through ten, for permanent injunctive relief relating to the use of the Best Western marks. *Id.* at 9-11. Best Western also seeks, pursuant to the terms of the membership agreement and A.R.S. § 12-341.01, an award of attorneys' fees and costs in the amount of $3,231.63. *Id.* at 8-9; Doc. 15-11. For reasons that follow, the Court will grant the motion in part.

Because Ridenour's default has been entered under Rule 55(a) (Doc. 13), the Court has discretion to grant default judgment against Ridenour pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors to be considered in deciding whether to grant default judgment include (1) the possibility of prejudice to Best Western, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Having considered Best Western's motion, which addresses each *Eitel* factor (Doc. 15 at 4-8), and having reviewed the supporting affidavits and documents provided by Best Western (Docs. 15-1 through 15-11), the Court concludes that default judgment

is appropriate. *See, e.g.*, *Best W. Int'l, Inc. v. Universal Hospitality, Inc.*, No. CV-08-91-PHX-DGC, 2008 WL 20003784 (D. Ariz. May 8, 2008) (granting default judgment against former member-hotel). The Court will grant default judgment on counts one, two, and three of the complaint in the amount of $33,621.60, plus interest (Docs. 1 ¶¶ 35-50, 15-2 ¶ 8, 15-3 at 3), grant injunctive relief on counts five through ten (Docs. 1 ¶¶ 58-94, 15-2 ¶ 9), and award Best Western $3,231.63 in attorneys' fees and costs (Docs. 1 ¶ 42, 15-11).

With respect to count four, post termination use of trademarks, Best Western seeks liquidated damages in the amount of $293,638.08. Doc. 15 at 7-9. This amount represents $766.68 per day (15% of the average room rate multiplied by the number of rooms) for 383 days – from December 15, 2009 until January 3, 2011, the date the motion for default judgment was prepared (*see* Docs. 15 at 8, 15-2 at 4). The evidence, however, shows the continued use of Best Western marks only until June 9, 2010. Doc. 15-9. Best Western has presented no evidence showing infringement after that date. Best Western therefore is entitled to liquidated damages for a total of 175 days – from December 15, 2009 through June 9, 2010. At the per diem rate of $766.68, this amounts to $134,169.00. The Court will grant default judgment on count four in this amount.

**IT IS ORDERED:**

1. Plaintiff Best Western International, Inc.'s motion for default judgment (Doc. 15) is **granted in part** and **denied in part** as set forth in this order.

2. Default judgment is entered in favor of Plaintiff and against Defendants Robert Ridenour and Ridenour Edwards Management I, Ltd. on counts one, two, and three of the complaint in the amount of **$33,621.60**, plus interest at the rate of 1.5% per month from December 15, 2009 until paid in full.

3. Default judgment is entered in favor of Plaintiff and against Defendants on count four in the amount of **$134,169.00**.

4. Default judgment is entered in favor of Plaintiff and against Defendants on

counts five through ten.

5. Defendants, and any person or entity acting on their behalf or in concert with them, are **permanently enjoined** from using, or authorizing, licensing, assisting, or facilitating any person's or entity's use of, the Best Western marks, any colorable imitation thereof, or any other confusingly similar mark.

6. Defendants shall, within **10 days** from the date of this order, remove all Best Western marks used in connection with the subject hotel located in Miami, Oklahoma.

7. Plaintiff is awarded attorneys' fees and costs in the amount of **$3,231.63**.

8. The joint motion for temporary restraining order and preliminary injunction (Doc. 3) is **denied** as moot.

9. The claims asserted against Defendant Jane Doe Ridenour are **dismissed**.

10. The Clerk is directed to termination this action.

Dated this 24th day of March, 2011.

_____
David G. Campbell
United States District Judge